|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | UNITED STATES DISTRICT COURT | |
| 6 | EASTERN DISTRICT OF WASHINGTON | |
| 7 | SHERRY-ELIZABETH BECKER, | NO: 4:21-CV-5096-TOR |
| 8 | Plaintiff, | |
| 9 | vs. | ORDER OF DISMISSAL WITHOUT PREJUDICE |
| 10 | SCOTT MATTHEW LONG, | |
| 11 | Defendants. | |

BEFORE THE COURT are Plaintiff's Complaint and a Motion for Cause Case Sealed / Private Cause in Equity, both filed under seal. ECF Nos. 1, 3. The Court has reviewed the record and files herein and is fully informed.

## BACKGROUND

Plaintiff, a resident of Benton City, Washington filed this suit against Defendant, a resident of Pasco, Washington. Plaintiff claims Defendant "never fully complied with the specified terms of his contract." ECF No. 1 at 4. In summary, this is a suit for breach of contract for failing to repair and repaint an automobile. Plaintiff seeks $15,444.00 in damages and the return of certain

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 1

property (dash bezel, door handles and window handles. *Id*. at 7. Plaintiff invokes this Court's jurisdiction pursuant to "Equity under Art. III sect. 2 clause 1 and Judiciary Act 1789 substantive right to due process." *Id*. at 3.

## DISCUSSION

Courts are obligated to consider *sua sponte* issues regarding subject-matter jurisdiction. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Plaintiff invokes "Equity under Art. III sect. 2 clause 1 and Judiciary Act 1789 substantive right to due process." Article III, section 2 of the United States Constitution essentially grants judicial power over cases arising under the Constitution. A simple breach of contract action between two private parties does not arise under the Constitution of the United States. Accordingly, the Court does not have subject matter jurisdiction on this basis.

The court must now determine whether it has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a). United States District Courts have original subject-matter jurisdiction over cases between citizens of different states and in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). A plaintiff invoking a federal court's diversity jurisdiction has the burden of establishing that § 1332(a)'s diversity of citizenship and amount-in-controversy requirements have been satisfied. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010).

Here, both Plaintiff and Defendant are residents of the State of Washington, thus no diversity of citizenship exists. Moreover, the amount in controversy does not exceed $75,000. Thus, both bases for diversity jurisdiction are lacking and this Court does not have subject matter jurisdiction to proceed. No other basis for subject matter jurisdiction exists for this case to proceed in federal court. The Washington State court is the proper forum for this lawsuit.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Cause Case Sealed / Private Cause in Equity, ECF No. 3, is **DENIED** in part. Because the Complaint and the attachments thereto, ECF No. 1, contain privacy protected information, it shall remain sealed. The remaining documents, this Order and the file shall be unsealed by the Clerk of Court.

2. Plaintiff's Complaint at ECF No. 1 is **DISMISSED without prejudice** to refiling it in State Court.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to Plaintiff, and **CLOSE** the file.

**DATED** June 24, 2021.



THOMAS O. RICE
United States District Judge

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 3